UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT GILES,

    Petitioner,                             Case No. 2:14-cv-13700
                                                           Hon. Victoria A. Roberts

v.

RANDY HAAS,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Herbert Giles, ("Petitioner"), incarcerated at the Cotton Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus. The petition challenges his February 21, 1975, Wayne Circuit Court conviction for first-degree murder. MICH. COMP. LAWS § 750.316. Petitioner claims that his rights under the Sixth Amendment were violated when he was denied his right to counsel at his initial arraignment on the warrant.

The petition for writ of habeas corpus will be SUMMARILY DENIED.

I. Discussion

Petitioner alleges that he was not represented by counsel at his November 12, 1974, arraignment. He asserts that at the arraignment he stood mute and/or pled not guilty. According to the records attached to his petition, Petitioner was appointed counsel on November 19, 1974. Petitioner does not allege that he waived any defenses, admitted guilt, or was prejudiced in any other way at his arraignment.

Petitioner fails to state a claim upon which habeas relief can be granted. Federal courts are

authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.'" *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (per curiam) (quoting *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004)). This right to counsel applies to "pretrial critical stages that are part of the whole course of a criminal proceeding," *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012), including "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty, Tex.*, 554 U.S. 191, 194 (2008).

Even assuming that Petitioner's right to counsel was violated at the arraignment, he has not alleged entitlement to habeas relief because he has not stated how he was prejudiced. With respect to arraignments, the Supreme Court holds that the denial of counsel at an arraignment required automatic reversal, without any harmless-error analysis, in only two situations: (1) when defenses not pled at arraignment were irretrievably lost, *Hamilton v. Alabama*, 368 U.S. 52, 53-54 (1961); and (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. *White v. Maryland*, 373 U.S. 59, 60 (1963) (per curiam). Because Petitioner has not alleged harm by the absence of counsel at his initial arraignment, he fails to state a claim for habeas relief. *Coleman v. Alabama*, 399 U.S. 1, 11 (1970); *Takacs v. Engle*, 768 F.2d 122, 124 (6th Cir. 1985)(denial of counsel at preliminary hearing subject

to harmless error analysis).

The petition is denied.

## II. Certificate of Appealability

The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he fails to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court also denies leave to appeal in forma pauperis; the appeal would be frivolous.

## III. Order

The Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED**.

A Certificate of Appealability is **DENIED**.

Petitioner is **DENIED** leave to appeal in forma pauperis.

ORDERED.

                                                S/Victoria A. Roberts
Dated: 10/2/2014                   United States District Court